179 So.2d 852 (1965)
THE FLORIDA BAR, Complainant,
v.
William T. FUSSELL, Respondent.
No. 34395.
Supreme Court of Florida.
November 10, 1965.
*853 Thomas C. MacDonald, Jr., Tampa, for complainant.
Sam Bucklew, of Bucklew, Ramsey, Stichter & Mount, Tampa, for respondent.
THORNAL, Chief Justice.
We have for review an order of the Board of Governors of the Florida Bar suspending the respondent W.T. Fussell from the practice of law for three years and thereafter until he establishes his entitlement to reinstatement.
We must decide whether the procedure followed by the Board of Governors comports with Article 11.08 of The Integration Rule, 31 F.S.A., and essentials of due process.
The respondent Fussell was convicted on two counts of making a knowingly false statement in an application for a home improvement loan. The loan was completed, and was insured by the Federal Housing Administration. The conviction occurred in the United States District Court, Middle District of Florida. The offenses were felonies under Section 1010, Title 18, United States Code. Fussell was fined and sentenced to a jail term but the jail sentence was suspended and he was placed on probation.
Thereafter, pursuant to Article 11.08(4), the Executive Director of The Florida Bar served Mr. Fussell with a notice to show cause why an appropriate disciplinary judgment should not be entered. Fussell filed a response in which he summarized his family responsibilities and the necessity of practicing law as a means of livelihood. He pointed out that his offense was a technical one and not of the infamous variety. He further emphasized that his offense was not grounded in fraud and did not arise out of the attorney-client relationship. No client had suffered an injury, and actually no one had lost financially because the loan had been repaid. In asking leniency he alleged that the federal court penalty had already served the function of adequate punishment. He promised in the future he would conduct himself in a manner consistent with the Canons of Ethics. Fussell filed with the Board fifteen or more letters of prominent lawyers testifying to his previous good character and expressing confidence in his assurances that he was repentant and would conduct himself properly in the future.
Without a hearing on the response, the Board of Governors found Fussell guilty of professional misconduct on the basis of the federal court conviction. It concluded that the letters were persuasive and although the offense was serious, it decided to enter what it considered to be a lenient disciplinary order. Fussell was suspended for three years and thereafter until he established his entitlement to reinstatement.
In seeking review of the judgment Fussell contends that the Board of Governors should have accorded him the opportunity to offer testimony in mitigation of the offenses. At any event he insists that the penalty prescribed was too severe under the circumstances  a claim which we do not reach by this opinion.
It should be recorded that the Board of Governors accepted the conclusiveness of the felony conviction and proceeded to arrive at its judgment without according to Fussell an opportunity to offer witnesses to support his claim for leniency. We are confronted by the lawyer's insistence that he was entitled to be heard in mitigation of the penalty. The Bar suggests that Fussell did not request the privilege by his response. If a formal request were necessary, our examination of the response *854 suggests that there was sufficient request to activate a hearing. For the future guidance of the Bar we hold that an opportunity to be heard should be tendered unless it is expressly waived.
Article 11.08, of The Integration Rule, deals with the subject of discipline upon conviction of a felony. The judgment of conviction shall stand as conclusive proof of guilt of the offense. This, however, is a rule of evidence and not in and of itself conclusive on the ultimate disciplinary action to be taken. Article 11.08 (2) deals with the subject of automatic suspension when a lawyer is convicted of a felony by a Florida state court. Article 11.08(3) provides for suspension by this Court upon petition of the Florida Bar when a lawyer is convicted of a felony by a court other than a Florida state court. The suspension provisions of this section were not activated in the instant case.
Article 11.08(4), provides the procedure for disciplinary action when a judgment of guilt of a felony committed by a Florida lawyer becomes final. The judgment in the instant case had become final before the Bar moved. The cited section requires the Executive Director to serve upon the offending attorney a notice to show cause "why appropriate disciplinary judgment should not be entered by the Board of Governors". A return must be filed within fifteen days. The rule requires the Board of Governors to "consider such return and take appropriate action and thereafter enter such disciplinary judgment as may be warranted". The question which evolves is whether the Board of Governors can act on the felony judgment and the return without affording the respondent lawyer an opportunity to be heard, in person and through witnesses, in litigation of any proposed penalty.
We have the view, and so hold, that under such circumstances due process requires both notice to the lawyer involved and reasonable opportunity to be heard in person and through witnesses if he desires to explain the circumstances of the offense and otherwise mitigate the disciplinary penalty. While the judgment of guilt of the felony concludes proof of the commission of the act, it does not in and of itself mandate any particular disciplinary action. In State ex rel. Florida Bar v. Evans, Fla., 94 So.2d 730, we pointed out that conviction and adjudication of guilt are sufficient to establish a prima facie case. However, due process requires that the lawyer be given an opportunity to explain the circumstances and to offer testimony in excuse or in mitigation of the penalty. We realize that Evans was decided prior to the adoption of present Article 11 of The Integration Rule, but it is our view that the due process aspect of notice and an opportunity to be heard remains the same. In our opinion In Re Revision of, or Amendment to the Integration Rule of the Florida Bar, Fla., 103 So.2d 873, we pointed to the due process hazards of a summary disbarment without proper inquiry, which must include an opportunity to the accused to be heard in defense of the accusations against him, as well as the penalty to be prescribed.
Our Integration Rule recognizes that a license to practice law endows the holder with a conditional privilege and not a vested right. It is nonetheless a valuable privilege which should not be regarded lightly by the lawyer who enjoys it or by those of us who are charged with the supervision of its enjoyment. It is earned and acquired only after an arduous and expensive period of education. It can be retained and employed as a productive source of livelihood only by diligence and an ethical devotion to its responsibilities. In this vein it has characteristics of property which should not be withdrawn by a governing authority save by proper application of traditional concepts of due process. Under our system, no written rule is necessary to prescribe that this contemplates both notice and an opportunity to be heard, before an individual  regardless of his *855 offense  is subjected to the disciplinary exercise of governmental power.
The Bar here points out that it has almost uniformly recommended disbarment of lawyers who have been convicted of felonies. This statement is substantially correct. State ex rel. Florida Bar v. Jackman, Fla., 145 So.2d 482; State ex rel. Florida Bar v. Lewis, Fla., 145 So.2d 876; State ex rel. Florida Bar v. West, Fla., 149 So.2d 557; Florida Bar v. Whiting, Fla., 157 So.2d 77; The Florida Bar v. Scott, Fla., 165 So.2d 167, and The Florida Bar v. Glaser, Fla. 172 So.2d 230. In five of the cases abovecited, no review was sought and, indeed, no response was filed by the accused lawyer. In Lewis, the only relief sought in this Court was against permanent disbarment. In each case the disbarment was for an indefinite period. In The Florida Bar v. Koester opinion, Fla., 178 So.2d 584, 1965, the Board of Governors recommended suspension of one year and thereafter until entitlement to reinstatement was established. It is worthy of note that in Koester, supra, which involved an income tax felony conviction in the United States District Court, the Board of Governors proceeded to judgment under Article 11.08(4), supra, only after the matter had been referred to a referee and testimony was taken on the subject of the extent of the disciplinary action.
Our holding is that when a lawyer is proceeded against under Article 11.08(4), The Integration Rule, he should be given an opportunity to be heard in person and through witnesses in explanation of the circumstances surrounding the offense and also in mitigation of the penalty. The hearing may be conducted by a referee, as in other disciplinary proceedings, and the ultimate judgment of the Board of Governors should be based on the evidence submitted. By our decision we do not pass upon the adequacy of the disciplinary penalty prescribed here. Whether, after a more detailed hearing, the Board of Governors will continue to feel that it is justified remains to be seen. We here simply hold that the accused lawyer should be accorded an opportunity to present such evidence as he has to support his claim to mitigation.
The judgment under review is set aside and the matter is returned to the Board of Governors for further proceedings consistent herewith.
It is so ordered.
THOMAS, O'CONNELL and HOBSON (Ret.), JJ., and JOHNSON, District Court Judge, concur.