238 So.2d 78 (1970)
THE FLORIDA BAR, Complainant,
v.
Robert Ellison CRAIG, Respondent.
No. 39348.
Supreme Court of Florida.
July 13, 1970.
*79 Robert B. Kane, Tallahassee, for The Florida Bar, complainant.
Robert E. Craig, in pro. per.
THORNAL, Justice.
Respondent Robert Ellison Craig, a member of The Florida Bar who has been convicted of a felony, petitions this Court for permission to practice law pending appeal.
We must decide whether suspension of the petitioner should be held in abeyance while he obtains appellate review of his conviction.
Craig was admitted to The Florida Bar in 1954. On January 30, 1970 he was adjudged guilty of the crime of attempted bribery of a police officer, a felony under Florida law. To avoid automatic suspension from the Bar under the Integration Rule he has petitioned this Court for permission to continue in the practice until the criminal conviction is ultimately disposed of by appellate review. His confidence that his conviction will be reversed, is buttressed by the good faith affidavit of his two lawyers certifying their opinion that the appeal will be successful. Respondent alleges that he has incurred large debts to finance his defense and that the practice of law is his sole means of support. He feels that justice requires that he be allowed to continue in the practice of law until complete appellate review of his case is accomplished.
The Bar opposes the petition by pointing to the fact that petitioner has been convicted of a grievous crime. It claims that the administration of justice will suffer and public condemnation will result from the mere fact that one so convicted is allowed to pursue the honorable profession of the law while under the cloud of such a serious criminal conviction.
Under the rule which unifies or integrates The Florida Bar misconduct which also constitutes a crime is a breach which will support disciplinary action, even prior to conviction. The Board of Governors is authorized to withhold prosecution of the disciplinary proceeding pending *80 the outcome of the criminal aspect of the matter. Integration Rule 11.02(3) (b) (1969), 33 F.S.A. Except in unusual circumstances the latter course is most often followed. It is the course recommended by a special committee of the American Bar Association appointed to make an Evaluation of Disciplinary Enforcement. The committee chairman is Mr. Justice Tom C. Clark (Ret.). Its final report entitled Problems and Recommendations in Disciplinary Enforcement is to be submitted to the Association at its forthcoming annual meeting.
This Court approved a revision of the disciplinary article of the Integration Rule of The Florida Bar on June 30, 1969. Integration Rule 11.07 (1969) governs the matter of discipline upon conviction of a felony. It provides that the judgment of conviction "shall be conclusive proof of the guilt of the offense charged for the purposes of these rules." The judge or clerk of the convicting court is directed to transmit a certified copy of the judgment to the Clerk of this Court and to the Executive Director of The Florida Bar. Integration Rule 11.07(1) (1969).
When, as here, the judgment of guilt is entered by a Florida Court the convicted lawyer shall stand automatically suspended on the eleventh day following entry of the judgment. During this interval he may, as he has done here, petition this Court to modify or terminate the automatic suspension. The filing of this petition during the ten day interval automatically defers the suspension until order of the Court. When the petition is filed beyond the tenth day there is no automatic deferment. At all events, the petition must show good cause. Integration Rule 11.07(2) and 11.07(2) (a) (1969).
The automatic suspension remains in effect until final disposition of the criminal case unless sooner terminated by order of this Court. "Final disposition" means either acquittal or ultimate disposition upon remand. When "final disposition" ultimately results in a judgment of guilt the suspension stands effective until lifted by this Court or upon termination of disciplinary proceedings by The Florida Bar. Integration Rule 11.07(2) (b) and (c) (1969). Disciplinary action grounded on a judgment of conviction which has become final is now regulated by Integration Rule 11.07(4). For the procedure which formerly obtained in this connection see The Florida Bar v. Fussell, 179 So.2d 852 (Fla. 1965), involving a judgment of a federal court. So much for the procedure. We now look at the merits.
Since the judgment of conviction is "conclusive proof of the guilt of the offense charged" we look to the petition for claims of mitigation which should stay the suspension. We find none. Mr. Craig stands guilty of the serious offense of attempted bribery of a police officer to induce him to change his testimony in a Dade County Metropolitan Court traffic case. There are few offenses which a lawyer could commit which would more dramatically shake the public confidence in the profession. One can understand why the public would be unable to comprehend why a lawyer, pledged by oath to sanctify the administration of justice, should be permitted to continue practicing before the very court which he has been convicted of seeking to corrupt. As the Clark Committee properly emphasizes, no single facet of disciplinary enforcement will shake the public confidence in the integrity of the Bar more than a policy which would permit a criminally convicted lawyer "to continue to practice while apparently enjoying immunity from discipline." Clark Committee Report, supra, p. 124. On the due process aspects of the problem, it is worthy to note that the Supreme Court of the United States similarly handles members of its bar who have been disbarred in any state or who "have been guilty of conduct unbecoming a member of the bar" of the court. Revised Rules of the Supreme Court of the United States, Rule 8 (1954). The conclusive aspects of the judgment of conviction *81 present no due process problem because the offending lawyer has had a full hearing pursuant to notice in the criminal court under standards of proof much more demanding than the conventional preponderance of evidence requirement that generally applies in disciplinary proceedings. To the credit of The Florida Bar the public in this State had received this sort of protection long before the so-called Clark Committee ever entered upon its initial investigation of the matter late in 1967.
We do not ignore the important stake which the individual lawyer has in the continunity of his practice. The Florida Bar v. Fussell, supra. However, both the public and the profession generally are vitally and directly concerned in the maintenance of a high level of character, integrity and adherence to the highest standards of professional and community fidelity. The enforcement of disciplinary requirements must take all three elements into consideration. The individual lawyer's interest is no more vital than is that of the public or the profession. In fact, there are situations when his claims to special relief must be subordinated to the welfare of the community and his ethical colleagues who comprise the overwhelming majority of the profession. State ex rel. The Florida Bar v. Dawson, 111 So.2d 427 (Fla. 1959); State ex rel. Florida Bar v. Murrell, 74 So.2d 221 (Fla. 1954).
The foregoing analysis of the problem in the light of the procedure prescribed leads us to conclude that the petition should be denied and the petitioner Craig shall stand suspended from the practice of law in Florida in accordance with the rules which we have cited.
It is so ordered.
ERVIN, C.J., and DREW, CARLTON and ADKINS, JJ., concur.
ROBERTS and BOYD, JJ., agree to judgment.