ERVIN, Justice.
The Florida Bar, pursuant to Rule 11.-07(3) of the Integration Rule of The Florida Bar, petitions this Court to suspend Oakley Grant Smith, Jr., from the practice of law in Florida, alleging that Respondent was convicted on May 2, 1974 in the United States District Court, Southern District of Florida, and sentenced to 75 days in jail and 24 months on probation and fined $7500.
It appears from the record before us that Respondent has been convicted of fraudulently representing to the United States Department of Health, Education and Welfare that certain costs under the Social Security Act were reimbursable expenses of the Palm Springs General Hospital, Inc., a nonprofit corporation of Hialeah, Florida, of which Respondent was chief executive officer or president. Specifically, Smith was convicted by a jury of Count III of a grand jury indictment tried in said Federal District Court, which count reads as follows:
“That on or about the 21st day of January, 1972, in the Southern District of Florida,
OAKLEY G. SMITH,
the defendant herein, willfully and knowingly did make and cause to be made false, ficticious and fraudulent statements and representations as to material facts in a matter within the jurisdiction of the United States Department of Health, Education and Welfare, in that cost reports, Social Security Administration Forms 1563, 1562, and 1992, for the fiscal year ending June 30, 1971, were submitted to Blue Cross of Florida, an agent and fiscal intermediary of the United States Department of Health, Education and Welfare, wherein OAKLEY G. SMITH stated and represented that the expenses and costs set forth in Forms 1563, 1562, and 1992, were costs reimbursable under Title 18, Social Security Act, as amended, for the operation of Palm Springs General Hospital, Inc. of Hialeah, Florida. Whereas, in truth and fact, as he then well knew, the expenses and costs set forth in Forms 1563, 1562, and 1992, were not reimbursable costs but included purchases and expenditures which were false and fraudulently represented to be costs for the operation of Palm Springs General Hospital, Inc. of Hialeah, Florida.
“All in violation of Title 18, United States Code, Section 1001.”
The Florida Bar contends that Respondent Smith’s judgment of conviction is “conclusive proof of the guilt of the offense charged” under Integration Rule 11.-07(1) as construed in The Florida Bar v. Craig (Fla.1970), 238 So.2d 78. The Florida Bar maintains that this Court has consistently declined to defer suspensions of *770 lawyers during their appeals despite their protestations of' innocence, error at their trials, and the fact their appeals of the convictions are pending, citing in addition to the Craig case the cases of The Florida Bar v. Smith, Opinion filed May 20, 1974, Case No. 45,135; The Florida Bar v. Fer-rer Roo, Opinion filed December 7, 1973, Case No. 44,354; The Florida Bar v. Matthews, Opinion filed March 7, 1972, Case No. 42,018. The Florida Bar’s position is simply that' under the practical operation of the integration rule upon conviction of an attorney in any felony criminal case all doubts are resolved against modification of suspension pending appeal, and no meaningful discretion abides in this Court under the rule to defer suspension pending appeal. But see, The Florida Bar v. Ragano (Fla.1972), 270 So.2d 3.
Through his attorney, William A. Meadows, Jr., the Respondent responds to the Bar’s petition and on Respondent’s behalf petitions this Court to modify or terminate suspension pending appeal, alleging:
“Oakley G. Smith, Jr., by and through his undersigned counsel; responds to the Petition for Suspension served by the Florida Bar on 19 June 1974, and files this his Petition to Modify or Terminate Suspension, and says:
“1. Respondent has appealed from the conviction and adjudication of guilt attached to the Florida Bar’s Petition for Suspension. Said appeal is presently pending in the United States Court of Appeals for the Fifth Circuit.
“2. The conviction was for a violation malum probitum and not malum in se. It was based upon submission to the United States Government under the Medicare program of a cost report allegedly containing false statements for the cost of operating a hospital which the respondent serves as president. In the same case, respondent was adjudicated not guilty of three counts of filing false income tax returns, three counts of filing false exempt organization returns, and two counts of filing false Medicare statements.
“3. The appeal in the Fifth Circuit presents that court with complex and unique questions of law. The transcript of the trial demonstrates clearly that the respondent had no knowledge that any false statements were included in the reports submitted for the Medicare program ; respondent signed these reports only after they were prepared by the hospital comptroller, presented to him as correct, and signed by a certified public accountant. Attached hereto as Exhibit 1 are excerpts from the trial testimony which demonstrate that the respondent relied upon his accountants for the correctness of the report signed, and had no criminal intent. Respondent’s act in signing the reports was a ministerial one as chief executive officer of a hospital located in Dade County, Florida. Undersigned counsel, as a member of the Bar of this Court, represents to the Court that in his opinion there is a good chance respondent’s conviction will be reversed, because the government did not demonstrate any criminal intent on the part of the respondent and for other reasons.
“4. Respondent received no personal benefit from the alleged criminal act. Mistakes on cost reports submitted under the Medicare program resulted in over-payments to respondent’s hospital in the amount of approximately $5,000 out of approximately 1.25 million dollars paid to the hospital under Medicare for the year in question. This sum was repaid to the government; it was de minimis as shown in the Memorandum in Support of Post Trial Motions, attached hereto as Exhibit 2. No client of the respondent was involved in the matter for which he was convicted.
“5. Respondent and his family already have greatly suffered as a result of the bringing of the indictment attached to the Petition for Suspension and the con *771 viction of one of nine counts. He was tried by the news media and there convicted prior to his jury trial in the United States District Court. Television cameras awaited him at the courthouse after arrest by a bevy of federal agents. All that the respondent requests of this Court is that the additional stigma of suspension from the practice of law not be imposed by this Court until the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court have determined the pending appeal, which will be expeditiously prosecuted.
“6. In the event this Court withholds suspension, respondent represents to the Court that he will not file his appearance as attorney of record for any person in any state or federal court while his appeal is pending. Respondent wishes to continue to look after the business affairs of himself, his family and the corporations in which he has an interest, without suffering the stigma of suspension.
“7. This case is exactly like The Florida Bar v. Ragano, 270 So.2d 3 (Fla. 1972). The technical nature of the respondent’s prosecution is illustrated by the Memorandum of Law in Support of Post Trial Motions attached hereto- as Exhibit 3.
“WHEREFORE,- respondent Oakley G. Smith, Jr. respectfully requests that this Court deny the Petition for Suspension filed by The Florida Bar pending disposition of his appeal, or until such time as the Court deems further action appropriate.”
This Court does not consider that it is discretionless in the premises or that it must pro forma disapprove of every petition of a convicted attorney to defer suspension of him pending appeal. The rule as written does not dictate such an inexorable or Draconian result or remove from this Court what has traditionally been’ the province of the courts in punishment or disciplinary proceedings to take into account mitigating circumstances in particular cases. There is abroad in the nation today a great deal of thinking that harsh and indurate punishments are self-defeating in many cases and that a large number of the convicted can be trusted even after conviction not to be a present danger to the public if they are extended rehabilitative assistance and humane treatment and are not pushed to the point of no return for re-entry upon a sober law abiding productive life.
Integration Rule 11.07(1), (2) (a) reads as follows:
“Rule 11.07 Discipline upon Conviction.
“(1) Determination or judgment of guilt. Determination or judgment of guilt of a member of The Florida Bar by a court of competent jurisdiction upon trial or plea of any crime or offense that is a felony under the laws of this state, or under the laws under which any other court making such determination or entering such judgment exercises its jurisdiction, shall be conclusive proof of the guilt of the offense charged for the purposes of these rules. Upon such determination or entry of such judgment of guilt by any court of this state, the judge or the clerk thereof shall transmit a certified copy of such determination or judgment to the Clerk of this Court and to the Executive Director of The Florida Bar.
“(2) Suspension by judgment (Florida). If such judgment of guilt is entered by a court of the State of Florida, the convicted attorney shall stand suspended as a member of The Florida Bar on the 11th day following the entry of the judgment unless he shall before that day file a petition with the Supreme Court to modify or terminate such suspension as elsewhere provided. ' If such petition is filed on or before the 10th day following the entry of the judgment, the suspension will be thereby deferred until entry of an order upon the petition.
*772 “(a) Petition to modify or terminate suspension. At any time after the entry of a judgment of guilt, the convicted attorney may file a petition with the Supreme Court to modify or terminate such suspension and shall serve a copy thereof upon the Executive Director. An opportunity to respond to the petition and appear at any hearing on the petition shall be afforded to The Florida Bar. If such petition is filed after the tenth day following the entry of judgment of guilt, the suspension shall remain in effect pending disposition of the petition. Modification or termination of suspension shall be granted only upon a showing of good cause.”
It is our view that Respondent Smith and his counsel have in this matter demonstrated sufficient good cause to justify our modification of the suspension of Respondent pending his appeal to the United States Court of Appeals for the Fifth Circuit.
We have carefully considered the portion of the testimony of his trial in the Federal District Court submitted in support of his plea for deference of suspension. Without in anywise projecting any arrogant assumption on our part that his conviction will be reversed or for that matter assuming any position of temerity as to what the Fifth Circuit Court should or may do with Respondent’s appeal, we think that his counsel’s representation that good cause may exist for a reversal should not be rejected by us out of hand.
We conclude that Respondent has made an ostensibly prima facie unrefuted showing that he did not personally know that out of the several thousands of dollars of the hospital’s claims a small amount thereof was fraudulent. From the very nature of this case and the extent of the punishment meted, when taken into account with the fact Respondent has heretofore not been guilty of any professional or criminal infractions, we conclude that he is not of such callous and insensitive nature that he would be a bad risk during the pendency of his appeal and would very likely victimize his clients or would be looked upon as a pariah by fellow members of the Bar and the public and ought to be suspended from the practice of law during his appeal.
The foregoing considered, the Respondent’s petition for modification of the suspension during pendency of Respondent’s appeal to the United States Court of Appeals for the Fifth Circuit is granted.
It is so ordered.
ADKINS, C. J., McCAIN and DEKLE, JJ., and McCORD, District Court Judge, concur.