PER CURIAM.
The Florida Bar, pursuant to Rule 11.-07(3) of Article XI of the Integration Rule of The Florida Bar, petitions this Court to suspend Frank Clark, III, from the practice of law in Florida, alleging that *580 Respondent was convicted on April 3, 1975, in the United States District Court, Southern District of New York, and sentenced to six months, which prison sentence was suspended, and fined $7,500.00.
It appears from the record before us that Respondent has been convicted of unlawfully, willfully and knowingly transporting in interstate commerce a diamond weighing approximately 8.04 carats and set in a platinum ring, knowing that this diamond ring had been stolen, converted and taken by fraud in violation of Title 18, United States Code, Section 2314 and Section 2. This offense is a felony.
Respondent replies to the Petition for Suspension, pointing out that he has filed an appeal in his federal case and requesting this Court to stay the suspension proceedings until the United States Second Circuit Court of Appeals hands down its decision. To support his position, Respondent submits that oral argument in his appeal is scheduled for the week of August 11, 1975; that he will suffer financial hardship by suspension; that his family will suffer in that his wife is in delicate health; and that the welfare of the public and of the legal profession would not best be served by his suspension at this particular stage of his New York case.
Petitioner replies that Respondent’s arguments do not constitute the good cause required by the Integration Rule to stay his suspension.[1]
Integration Rule 11.07(1) reads as follows :
“(1) Determination or judgment of guilt. Determination or judgment of guilt of a member of The Florida Bar by a court of competent jurisdiction upon trial or plea of any crime or offense that is a felony under the laws of this state, or under the laws under which any other court making such determination or entering such judgment exercises its jurisdiction, shall be conclusive proof of the guilt of the offense charged for the purposes of these rules. Upon such determination or entry of such judgment of guilt by any court of this state, the judge or the clerk thereof shall transmit a certified copy of such determination or judgment to the Clerk of this Court and to the Executive Director of The Florida Bar.” Without assuming any position as to what the Second Circuit Court should or may do with Respondent’s appeal, we grant the Petition for his suspension based on the above Rule. This suspension shall terminate should the criminal conviction be reversed by the appellate court.[2] As suggested by The Florida Bar, this suspension order herein shall become effective 45 days from the effective date of this order, with the condition that Respondent shall not accept any new litigation; in this manner Respondent’s clients will be protected by the orderly conclusion of their pending matters.
It is so ordered.
ADKINS, C. J., and BOYD, OVER-TON and ENGLAND, JJ., concur.
ROBERTS, J., concurs in judgment.

. The Florida Bar v. Craig, 238 So.2d 78 (Fla.1970).

. Rule 11.07(2) (c), Integration Rule.