490 So.2d 48 (1986)
THE FLORIDA BAR, Complainant,
v.
Carlos Celso CRUZ, Respondent.
No. 67309.
Supreme Court of Florida.
June 26, 1986.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Paul A. Gross, Bar Counsel, Miami, for complainant.
Robert J. Van Der Wall, Coconut Grove, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and report of the referee. The referee recommended that respondent be disbarred. Respondent challenges that recommendation.
The facts giving rise to this disciplinary action are as follows. In December, 1982, respondent, who was the United States Marshal for the Southern District of Florida, was indicted for five counts of bribery of a United States government official and one count of conspiracy to bribe a United States government official. The indictment alleged that respondent, along with two other men, had bribed the warden of the Metropolitan Correctional Center in an effort to gain special privileges for an inmate. During the three-month period of time in which the offense occurred, the warden's conversations with respondent and his co-conspirators were taped via a "body bug" worn by the warden.
Respondent pled not guilty to the charges and proceeded to trial. In April, 1983, respondent stopped the trial proceedings and pled guilty to the conspiracy to *49 bribe count and one count of bribery of a United States government official. He was sentenced to incarceration for one year and one day, and is currently on probation.
On August 29, 1983, as a result of his felony convictions, respondent was suspended from practicing law in Florida. The Florida Bar filed a complaint against respondent seeking disbarment, and this Court appointed a referee. At the hearing, respondent acknowledged that he had pled guilty to and was sentenced for the two felonies. Based on those convictions, the referee found that respondent had violated Disciplinary Rules 1-102(A)(3), 1-102(A)(5), and 1-102(A)(6).
Respondent then introduced three witnesses to testify in his behalf, two of whom participated in the federal trial proceedings. The first of these witnesses was the United States District Court judge who presided at respondent's trial and accepted respondent's guilty plea. He testified that respondent is religious, "not a criminal type," and "essentially a very good person." The judge also testified that, with respect to the offense, respondent
was more of an aider or abettor really rather than a conspirator, in the strict sense of the word. He never got anything for it, but there was enough there so that a jury could have nailed him, if it had elected to do so. I don't know whether the decision to plead guilty was the right decision or not... .
... I wish the sentence could have been less and maybe it should have been.
Respondent called as his second witness the probation officer who conducted the investigation for respondent's PSI report. The investigator testified that respondent had an "exemplary background," that he did not feel respondent had used his position as an attorney to violate any laws, and that respondent's involvement in the events surrounding the crime was the result of poor judgment rather than an attempt to further a criminal conspiracy. Respondent also called as a witness Bishop Armando Leon, who testified favorably concerning respondent's character.
Respondent testified in his own behalf that his involvement in the events surrounding the bribery was minimal, and that he was not a party to the bribe.
The referee recommended disbarment and cited The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979), for the proposition that the referee in a disciplinary hearing should not "go beyond the convictions." Respondent contends that the referee erred in not reviewing 60 hours of tapes on which the bribery charges were based. According to respondent, the tapes would have demonstrated his lack of complicity in the offense.
We recognize that respondent has a due process right to explain the circumstances of the alleged offense and to offer testimony in mitigation of any penalty to be imposed as discipline. The Florida Bar v. Fussell, 179 So.2d 852 (Fla. 1965). We find that respondent was afforded full opportunity to present mitigating evidence concerning the extent of his complicity in the conspiracy. It is apparent from this record that the referee gave credence to the mitigating testimony concerning the limited extent of respondent's participation in this offense because she recommended his disbarment be effective on August 29, 1983, the date of respondent's suspension, thereby allowing respondent to seek readmission in less than a year from the date the referee filed her report.
We approve the referee's recommendation. Accordingly, the respondent, Carlos Celso Cruz, is disbarred from the practice of law in Florida, effective August 29, 1983. Judgment for costs in the amount of $671.10 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.