513 So.2d 1052 (1987)
THE FLORIDA BAR, Complainant,
v.
Frank CLARK, III, Respondent.
No. 70040.
Supreme Court of Florida.
October 15, 1987.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
No appearance for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee's report. The referee found the respondent attorney, Frank Clark, III, guilty of professional misconduct and recommended disbarment. The respondent has not filed a petition for review. As provided by Rule 3-7.6 of the Rules Regulating The Florida Bar, *1053 this Court must review the referee's report and render an appropriate judgment.
The referee found that Lois Resch agreed to purchase a condominium from Ronald A. and Angela Kenney. Ms. Resch agreed to assume the obligations of first and second mortgages on the property. The parties to the sale met at respondent's office for the closing. Ms. Resch had the impression that respondent as attorney was advising both the Kenneys and herself. Respondent, the referee found, did nothing to discourage this impression. The closing statement reflected that the two parties to the sale were each charged half of the attorney's fee exacted for the transaction. Ms. Resch executed documents assuming responsibility for the two existing mortgages. She was provided payment coupon books and was instructed to make payments without contacting the mortgagees.
Later Ms. Resch discovered that the mortgagees were under no obligation to allow her to assume the mortgages and that neither the sellers nor respondent had sought consent for the assumption of the mortgages. As a result the mortgagees declared the loans due and Ms. Resch was forced to refinance the indebtedness in order to retire the preexisting mortgages. She obtained a less favorable interest rate and had to pay arrearages that had accrued before her purchase.
Although not recited by the referee, record testimony also showed that in addition to assuming the two mortgages, Ms. Resch also signed a promissory note in favor of the sellers, Mr. and Mrs. Kenney. They sold the note to a third party. When Ms. Resch discovered the nonassumable nature of the mortgages, she suspended payment on the note. The purchaser of the note filed a legal action to collect the amount due. The purchaser was represented in that legal action by the respondent.
The referee found that respondent had violated the following Disciplinary Rules of the former Florida Bar Code of Professional Responsibility: D.R. 5-105(A), for accepting employment when it was likely to affect the representation given to another client; D.R. 5-105(B), for continuing multiple employment when his independent professional judgment was likely to be adversely affected; D.R. 6-101(A)(2), for handling a matter without adequate preparation; and D.R. 6-101(A)(3), for neglecting a legal matter entrusted to him.
The referee noted respondent's past disciplinary record, including the fact that in 1975, he was suspended from the practice of law following his conviction of a felony. The Florida Bar v. Clark, 323 So.2d 579 (Fla. 1975). The referee noted further that, although notice was provided in the manner prescribed by the applicable rules, respondent failed to answer the complaint, appear at the hearing, or participate in the proceeding in any way. The referee recommended that respondent be disbarred. Respondent has not sought review of the referee's findings or recommendation.
We approve the referee's report. Frank Clark, III, is hereby disbarred. As it appears that he is presently under suspension for nonpayment of bar dues, this disbarment shall take effect immediately.
The costs of this proceeding are assessed against the respondent. Judgment is entered against Frank Clark, III, in the amount of $672.21, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.