PER CURIAM.
These consolidated disciplinary proceedings are before the Court for consideration of the uncontested referee’s report filed herein. The referee recommends that the respondent be disbarred. The cases come before us for disposition pursuant to Rule 3-7.6 of the Rules Regulating The Florida Bar.
In Case No. 70,494, the referee found that respondent agreed to represent a client in defense against a criminal charge, received a retainer, and then failed to attend scheduled hearings and failed to communicate with the client. The referee concluded that respondent had violated the Code of Professional Responsibility, Disciplinary Rules 6~101(A)(3) (by neglecting a legal matter entrusted to him by a client) and 7-101(A)(2) (by failing to carry out a contract for professional services).
In Case No. 70,643, the referee found that respondent agreed to represent a client in an action against an employer. Respondent received a retainer for the full amount of the maximum possible agreed fee, with the understanding that part of the fee would be refunded if respondent expended less time than estimated. It was also agreed that should respondent win a court award for an attorney’s fee to be paid by the defendant, the retainer would be returned to the client. The legal action was successful and respondent secured an award of attorney’s fees and costs. The attorney’s fee award was for an amount well in excess of the retainer paid by the client. However, the respondent never repaid any of the retainer given him by the client. When an inquiry was made by another lawyer on behalf of the client, respondent made false statements and engaged in deceitful conduct in an effort to evade or defeat his former client’s claim. The referee concluded that respondent had violated Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), and Integration Rule, article XI, Rule 11.02(3)(a) (action contrary to honesty, justice, or good morals).
In reaching a recommendation on the disciplinary measures to impose, the referee considered the misconduct shown in the two proceedings in the aggregate. The referee also considered the fact that respondent did not respond to the complaint *16 and did not appear at the hearing. Finally, the referee considered respondent’s disciplinary record which includes a suspension for serious misconduct in 1975 and a more recent disciplinary proceeding in which the referee recommended and this Court imposed disbarment. The Florida Bar v. Clark, 513 So.2d 1052 (Fla.1987). The referee recommends that respondent be disbarred for his misconduct in the instant cases.
The respondent has not filed a petition for review. We approve the referee’s findings and recommendation. However, since the respondent has already been disbarred, there is no need for a formal order of disbarment in this case.
The costs of this proceeding are taxed against the respondent. Judgment for costs is entered against Frank Clark, III, in the amount of $991.10, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.