614 So.2d 484 (1993)
THE FLORIDA BAR, Complainant,
v.
Harry WINDERMAN, Respondent.
No. 78226.
Supreme Court of Florida.
February 11, 1993.
Rehearing Denied March 22, 1993.
*485 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel, Ft. Lauderdale, for complainant.
Neil B. Jagolinzer and James M. Tuthill of Christiansen, Jacknin & Tuthill, West Palm Beach, for respondent.
PER CURIAM.
Harry Winderman, a member of The Florida Bar, seeks review of the referee's findings and recommended two-year suspension from the practice of law. We have jurisdiction pursuant to article V, section 15, Florida Constitution. We approve the referee's report but reduce the recommended discipline.
In February 1989, Winderman undertook the representation of Donald F. Wells, who alleged that an investment corporation and its principals improperly induced, managed, and ultimately lost his investment. Winderman subsequently undertook the representation of similarly situated parties[*] whose cases were consolidated with the Wells case. Winderman filed a complaint and four amended complaints in the Wells case between March and November of 1989, all of which were dismissed. Although the court afforded Winderman an opportunity to file a fifth amended complaint on or before May 26, 1990, he failed to do so and did not take any other action to pursue his clients' claims.
Winderman did not communicate with his clients regarding the progress of the Wells case or the filing deadline for the fifth amended complaint. Through separate letters dated May 24, 1990, Winderman advised his clients that he was withdrawing as counsel in the case. On June 19, 1990, Winderman moved to withdraw as Wells' attorney, falsely asserting that Wells had requested he do so. On June 14 and 22, 1990, respectively, the defendants filed motions taxing attorney's fees and seeking an order dismissing Wells' action because a fifth amended complaint had not been filed. Winderman neither communicated with nor appeared on behalf of his clients regarding either motion. By order and judgment dated June 26, 1990, the court dismissed with prejudice all claims against the defendants and entered an order taxing attorney's fees and costs against Wells in the amount of approximately $12,000. Winderman ultimately settled the attorney's fees issue with Wells, but not until Wells initiated litigation against Winderman and agreed, as a quid pro quo, to withdraw the complaint he had filed against Winderman with The Florida Bar.
The Florida Bar alleged and the referee found that Winderman violated Rules Regulating The Florida Bar 3-4.2 (violating the rules of professional conduct); 3-4.3 (committing any act that is unlawful or contrary to honesty and justice); 4-1.1 (providing competent representation to a client); 4-1.2(a) (abiding by a client's decisions concerning the objectives of the representation); *486 4-1.3 (acting with reasonable diligence and promptness in representing a client); 4-1.4(a) and (b) (keeping a client reasonably informed and explaining a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation); 4-1.16(d) (taking steps to the extent reasonably practicable to protect a client's interests upon termination of representation); 4-3.3 (knowingly making false statements of material fact to a tribunal); and 4-8.4(c) and (d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and engaging in conduct prejudicial to the administration of justice). The referee recommended that Winderman be suspended from the practice of law for a period of two years.
Winderman contends that the referee's findings are not consistent with the evidence and the testimony presented at the final hearing. We disagree. The record supports each of the referee's sixty-seven carefully documented findings of fact. Such findings are presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986); The Florida Bar v. Price, 478 So.2d 812 (Fla. 1985). We approve the referee's finding that Winderman violated the rules specified above.
As a sanction for Winderman's violations, the referee recommended a two-year suspension. We conclude that a one-year suspension followed by a one-year probation after Winderman has been reinstated is more appropriate. Although Winderman's misconduct is somewhat more serious than that in, for example, The Florida Bar v. Patterson, 530 So.2d 285 (Fla. 1988), it is not egregious enough to warrant a two-year suspension.
Accordingly, Harry Winderman is suspended from the practice of law for one year. This suspension will be effective thirty days from the filing of this opinion so that Winderman can close out his practice and protect the interests of existing clients. If Winderman notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the one-year suspension effective immediately. Winderman shall accept no new business from the date this opinion is filed. Judgment for costs is entered in favor of The Florida Bar and against Harry Winderman in the amount of $2,491.31, for which sum let execution issue. Upon reinstatement Winderman shall be on probation and subject to monitoring by The Florida Bar for one year from the date of reinstatement.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] Winderman failed to represent one party that formally retained him. Ironically, Winderman represented another party who never formally retained him.