657 So.2d 1135 (1995)
THE FLORIDA BAR, Complainant,
v.
Phillip S. DAVIS, Respondent.
No. 82786.
Supreme Court of Florida.
June 1, 1995.
Rehearing Denied July 24, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Mel Black of Melvin S. Black, P.A., Miami, for respondent.
PER CURIAM.
This is a bar disciplinary proceeding in which Attorney Phillip S. Davis petitions this Court for review of the referee's report which recommended disbarment. We have jurisdiction. Art. V, § 15, Fla. Const. For the foregoing reasons, we approve the referee's recommendation that Davis be disbarred from the practice of law.
On November 30, 1993, the Florida Bar filed a five-count complaint against Davis alleging various violations of the Rules Regulating *1136 The Florida Bar.[1] The complaint was based, in part, upon facts stemming from a judicial corruption investigation, referred to as Operation Courtbroom, initiated by the United States Attorney's Office and various other governmental agencies in 1989.[2]
After an evidentiary hearing on the Bar's complaint, the referee made the following significant findings of fact.[3] In 1990, Davis, while serving as a Dade County Circuit Court Judge, contacted Raymond Takiff, an attorney who, unbeknownst to Davis, was the government's confidential informant (CI) in Operation Courtbroom. Davis told Takiff that he was having financial difficulties. Subsequently, Davis agreed to give Takiff, in exchange for $10,000, sealed information concerning the existence of outstanding arrest warrants involving various defendants. As per their agreement, Davis turned over the sealed information to then Circuit Court Judge Roy T. Gelber, so that Gelber would provide the information to Takiff. Subsequently, Davis, in exchange for $20,000 and the promise of an automobile, agreed to reduce Takiff's fictitious client's bond in a criminal matter from $250,000 to $20,000. After the bond reduction hearing, Davis telephoned Takiff to advise him that he had determined the automobile he wanted as additional payment for having reduced the bond on Takiff's fictitious client.
In addition to his involvement in the judicial corruption scheme, the referee also found Davis had committed other acts of judicial misconduct. For example, the referee's report noted that Davis requested and received a personal loan from an attorney who had cases pending before him. The referee also found that Davis requested and received a personal loan from an attorney whom Davis later appointed to a case. Further, during his criminal trial, Davis had admitted to using and being under the influence of cocaine, alcohol, and prescription drugs while presiding as a Circuit Court Judge.
In addition to the above-mentioned evidence, the Bar also presented aggravating evidence. One witness testified that sometime in November 1993 Davis represented a client in a California proceeding and that a California court had to grant a new trial based upon Davis's admitted incompetence. Another witness testified that while he was in the Dade County State Attorney's Office, he prosecuted a case where Davis represented the defendant. He testified that Davis was responsible for encouraging a critical witness to leave the courthouse before the witness gave his testimony. Lastly, another witness stated that she prosecuted a case where Davis was defense counsel and that Davis lied to the court about their previously agreed upon stipulation.
Initially, Davis argues that some of the referee's findings are clearly erroneous and are not supported by competent and substantial evidence. It is well established that a referee's findings of fact in a disciplinary proceeding are presumed correct and will not be disturbed unless clearly erroneous and lacking in evidentiary support. Florida Bar v. Winderman, 614 So.2d 484, 486 (Fla. 1993). After a careful review of the record, we find there is competent and substantial evidence to support almost all the referee's findings of fact. We take exception only to the following. First, we find that the record does not *1137 support the finding that Davis refused to provide court appointments to an expert witness because the expert refused to give Davis a personal loan. Second, the evidence does not support the finding that Davis's admitted drug and alcohol use adversely affected the performance of his judicial duties in a particular criminal matter then before him.[4] We approve all of the remaining findings of fact.
Next, Davis argues that the mitigating circumstances in this case warrant a departure from the recommended discipline. More specifically, Davis contends that his misconduct arose directly from his drug and alcohol use. He claims that in other disciplinary cases involving judicial bribery, which contain no mitigating factors, we have meted out sanctions ranging from simple disbarment with a five-year readmission down to three years rehabilitative suspension or less. In support, he offers the following cases: Florida Bar v. Swickle, 589 So.2d 901 (Fla. 1991) (disbarring attorney for misrepresenting information to judge and for suggesting that attorney had ability to bribe judge); Florida Bar v. Rendina, 583 So.2d 314 (Fla. 1991) (disbarring attorney for a minimum of five years for attempting to bribe an assistant state attorney); Florida Bar v. Gross, 610 So.2d 442 (Fla. 1992) (disbarring attorney for a minimum of five years when in his capacity as judge he lowered a bond for a bribe); Florida Bar v. Merckle, 498 So.2d 1242 (Fla. 1986) (disbarring attorney for a minimum of five years for agreeing as circuit court judge to alter sentence after accepting negotiated plea and then lying about his misconduct); and Florida Bar v. Cruz, 490 So.2d 48 (Fla. 1986) (disbarring attorney for a minimum of five years for attempting to bribe warden of a prison). Although we consider Davis's alcohol and drug use in mitigation, we do not find this mitigation outweighs the seriousness of his misconduct. Simply stated, these mitigating factors do not excuse or explain Davis's egregious misconduct. Florida Bar v. Golub, 550 So.2d 455, 456 (Fla. 1989).
We also find the misconduct in the cases cited pales in comparison to Davis's misconduct. The conduct of Davis as reflected in this record was a stab in the heart of our justice system. While holding a high position of public trust as a Circuit Court Judge, Davis accepted bribes and committed other flagrant acts of misconduct. As a result of this corruption, the reputation of the entire judicial system has been blemished. As we stated in Florida Bar v. Swickle, 589 So.2d 901, 905 (Fla. 1991):
[The suggestion] that one has the ability to bribe a judge strikes at the core of our legal system. Our system is designed to insure that equal justice prevails for all, whether rich or poor, powerful or powerless. When people are led to believe that justice is dispensed on the basis of corrupt influences, the public cannot have confidence in the integrity or impartiality of the judiciary or the bar. The entire judicial process in undermined as a result.
(Citation omitted.) Given the severity of the misconduct by Davis, we agree with the referee's recommendation of disbarment.
Accordingly, we approve the recommended discipline and hereby disbar Davis without permission to reapply for ten years. Davis's disbarment will be effective thirty days from the filing of this opinion so that he can close out his practice and protect the interest of existing clients. If Davis notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect *1138 existing clients, this Court will enter an order making the disbarment effective immediately. Davis shall accept no new business from the date this opinion is filed. Judgment is entered against Davis for costs in the amount of $5,045.45, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING and ANSTEAD, JJ., concur.
KOGAN and WELLS, JJ., recused.
NOTES
[1] The referee found that Davis had violated the following ethical rules: rule 3-4.3 (the commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the State of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline); rule 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another); rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice); rule 4-8.4(f) (a lawyer shall not knowingly assist a judge or judicial officer in conduct that is a violation of the applicable rules of judicial conduct or other law).
[2] Davis was tried and acquitted on federal criminal charges arising from Operation Courtbroom.
[3] At the hearing, both parties stipulated to the admission in evidence of video and audio tapes and transcripts which were introduced in Davis's criminal trial.
[4] Additionally, on this record, we find no support for the referee's determination that Standard 5.11(e), Florida Standards for Imposing Lawyer Sanctions, is appropriate in this case. This standard is applicable where "a lawyer engages in the sale, distribution or importation of controlled substances." Fla.Stds.Imposing Law.Sancs. 5.11(c). The evidence adduced at the hearing only substantiates Davis's personal drug use.

We also disagree with the referee's determination that Davis's motion to dismiss filed in these proceedings was submitted with false evidence. In the motion, Davis asserted that Attorney Kurt Klaus, who presided over his probable cause hearing below, was biased against him and should have recused himself from the proceedings. At the hearing, Klaus substantiated Davis's allegation that he had made a campaign contribution to Davis's judicial campaign opponent. However, Klaus did not substantiate Davis's allegation that he had assisted Davis's campaign opponent. Under these circumstances, we find the referee's finding unsupported by the evidence.