THOMAS, Justice.
This matter is presented to this court on the record, the report of the referee and the judgment of the Board of Governors of the Florida Bar.
It does not appear from the record that any request has been made for review by this court.
According to the report of the referee the respondent, W. E. Bunch, Jr., has been guilty of varied misconduct. For instance, it was determined that while serving as Clerk of the Circuit Court of Broward County he converted to his own use $55,-000.00 in funds belonging to the public, which, however, has been fully restored.
While serving as Secretary-Treasurer of the Broward County Bar Association he converted to his own use the sum of $4,500.-00 belonging to that Association and this money has not been restored.
The respondent plead nolo contendere to the charge of unlawful conversion of the fund and also plead nolo contendere to a charge of knowingly and willfully filing a false report to the Comptroller of the State. Even though he was not adjudged guilty of these charges, he was placed on probation for a term of 20 years.
The respondent was admitted to the practice of law in this State in 1954 and although he was not prohibited from practicing law, has never actively engaged in the practice.
The referee reports that he has evidently had a fine record as a citizen having been active in civic and church work. He recommended that the respondent be declared guilty of violating (1) Article XI, Rule 11.02(2) of the Integration Rule, 31 F.S.A. “with particular reference to Section I, Canon 11 of Rule B”, 31 F.S.A. (2) Article XI, Rule 11.02(2) of the Integration Rule “with particular reference to Section II, Canon 28 of Rule B”; (3) Article XI, Rule 11.02(3) (a); (4) Article XI, Rule 11.02(3) (b) and (5) Article XI, Rule 11.02 (4) of the Integration Rules.
The referee recommended that the respondent be suspended from the practice of law for a period of five years from 1 May 1964 and thereafter until he shall have made full restitution of the $4,500.00 stolen from the Bar Association.
When the matter reached the Board of Governors, the findings of fact of the referee were adopted but the Board did not accept the recommendation with reference to disciplinary action. Instead they ordered that the respondent be disbarred from the practice of law and that he pay the cost of these proceedings in the amount of $166.65.
The court agrees with the judgment of the Bar that the respondent be disbarred and that he pay the amount of the costs. The court is further of the view, that no reinstatement of the respondent shall be considered unless he shows that he has been fully rehabilitated and that in addition to the above amount he has repaid fully the amount of money taken by him from the Bar Association.
THOMAS, Acting C. J., and ROBERTS, DREW, O’CONNELL and CALDWELL, JJ., concur.