PER CURIAM.
The Board of Governors of The Florida Bar recommends to us that respondent, Daniel I. Wincor, be disbarred from the practice of law in Florida. Procedurally, the cause comes to us under the version of Article XI of the Integration Rule, 32 F.S.A. in effect prior to July 1, 1969. We approve the recommendation.
In 1963, Wincor obtained $50,000.00 from Aaron and Belle Greenburg,' his clients, on the representation that a certain corporation was seeking a mortgage on prop *248 erty it held in Dade County. In return for their money, the Greenburgs received from Wincor a mortgage document and a promissory note, both purportedly executed by the corporation. Subsequently, Wincor substituted another mortgage as security for the first; this mortgage was purportedly executed by a different corporation. In fact, the note and both mortgages were entirely fraudulent and even bore fraudulent recording stamps and notarizations. After these transactions, Wincor became so very evasive that the Greenburgs checked with the County Clerk’s office on the status of their mortgages; thus was the fraud uncovered.
When disciplinary action was initiated against Wincor, it was known that criminal charges were also pending against him on account of the Greenburg affair. Accordingly, the Bar action was held in abeyance until these charges were resolved. When this cause finally came on for hearing, Wincor refused to testify on the ground that yet another separate criminal charge involving a third party, and arising out of a different transaction, was then pending in which the Greenburgs had been subpoenaed as witnesses. He contended that the door to self-incrimination would be opened if he testified at the Bar proceedings because the pending case and the Green-burg case were similar. The disciplinary proceeding continued, notwithstanding Win-cor’s refusal to participate. The witnesses and exhibits presented amply supported the referee’s recommendation of disbarment, and the Board of Governor’s agreed that disbarment was proper.
Before this Court, Wincor now argues that the delays below have deprived him of a speedy resolution of the charges levied against him; in the alternative, he argues that the proceedings below should have been held in abeyance even longer, until no further criminal charges were pending. Neither argument impresses us. The delays were occasioned primarily at the request of Wincor’s counsel because of the pendency of the criminal cases; the referee agreed to the delay in order that Wincor not be caught in a self-incrimination situation with regard to the Greenburg case. We noted in The Florida Bar v. Craig, 238 So.2d 78 (Fla.1970), that this was a preferable approach. But Wincor has not demonstrated that the additional pending case was so related to the Greenburg prosecution that the same approach was warranted. Indeed, we have been told almost nothing about the pending case or its subject matter other than that the Greenburgs were to be witnesses. Furthermore, we are of the view that since Wincor did not establish any meaningful connection between the Bar matter and the pending criminal case, he should have been willing to respond selectively to particular questions, rather than simply refuse to participate in any manner.
By reason of the foregoing, we agree with the referee and the Board of Governors that respondent has violated his oath as an attorney, and has also violated Rule 11.02 of Article XI of the Integration Rule, Canon 11 of the Canons of Professional Ethics and Rules 27, 28, 30 and 32 of Additional Rules Governing the Conduct of Attorneys in Florida, 32 F.S.A. It is the judgment of this Court that Daniel I. Win-cor should be disbarred from the practice of law in Florida.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.