351 So.2d 959 (1977)
THE FLORIDA BAR, Complainant,
v.
Alton S. BEASLEY, Respondent.
No. 50313.
Supreme Court of Florida.
September 15, 1977.
Rehearing Denied December 5, 1977.
Sherman N. Smith, III, Bar Counsel, Vero Beach, Michael C. Whittington, Asst. Staff Counsel, Tampa, and James P. Hollaway, Asst. Staff Counsel, Tallahassee, for the Florida Bar, complainant.
Philip G. Butler, Jr. of Foley, Colton & Butler, West Palm Beach, for respondent.
PER CURIAM.
This disciplinary proceeding against Alton Beasley, a member of The Florida Bar, is before us on complaint of The Florida Bar, report of the referee, petition for review filed by Beasley and cross-petition of The Florida Bar.
After considering the pleadings and evidence, the referee made the following findings:
"That prior to June 22, 1975, the Respondent, ALTON S. BEASLEY, was retained by one Joyce Van Landingham to represent her in a dissolution of marriage proceeding. That on or about June 22, 1975, Mrs. Van Landingham met the Respondent at his ranch in Okeechobee County, Florida, and asked him to supply *960 her with quaaludes, a substance controlled by Chapter 893, Florida Statutes. That Respondent at the meeting of June 22, 1975, indicated to Mrs. Van Landingham that he could arrange for the delivery of a quantity of quaaludes to her.
"That on or about June 24, 1975, the Respondent and Mrs. Van Landingham met at the Respondent's office in Fort Pierce, Florida, at which meeting the Respondent advised her that he could arrange for the delivery of a quantity of marijuana to her, marijuana being a substance controlled by Chapter 893, Florida Statutes. That at the meeting of June 24, 1975, the Respondent made a phone call to arrange for the introduction of Mrs. Van Landingham to a certain person or persons whom Respondent represented would be in a position to supply her with drugs. That relying upon the directions of the Respondent, Mrs. Van Landingham contacted one Don Raulerson and did on or about June 26, 1975 purchase approximately four pounds of marijuana from said Don Raulerson. That the Respondent was subsequently found guilty of delivery of cannabis on August 20, 1975 in Case No. 75-253-C in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, and on September 23, 1975 received a judgment and sentence of one year in the County jail. The Respondent has appealed the judgment."
The referee recommends that respondent be found guilty of violation of D.R. 1-102(A)(3), D.R. 1-102(A)(6) and Rule 11.02(3)(b), Article XI, Integration Rule of The Florida Bar, and not guilty of violation of D.R. 1-102(A)(4).
Having carefully reviewed the record and briefs, we approve the findings and recommendations of the referee as to guilt.
As to the disciplinary measure to be imposed, the referee recommends that respondent be suspended from the practice of law for a period of twenty-four months and thereafter until he shall prove his rehabilitation.
The Bar suggests that, under the circumstances, the recommended penalty is too lenient since a lawyer who is willing to forsake his client for his own personal goals demonstrates a lack of moral character and fitness required of a member of the Bar. We would agree with the Bar and find that disbarment is warranted.
Accordingly, respondent, Alton S. Beasley, is hereby disbarred. The disbarment shall be effective on October 3, 1977, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. The filing of a petition for rehearing shall not alter the effective date of this disbarment. Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $1,051.26.
It is so ordered.
OVERTON, C.J., and BOYD, SUNDBERG, HATCHETT and KARL, JJ., concur.