BARKETT, Justice.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee. Respondent has petitioned for review of the referee’s findings and recommendations. We have jurisdiction. Art. V, § 15, Pla. Const.
The charges against respondent stem from the manner in which he conducted himself in two separate professional relationships. In the first, he represented a Mr. and Mrs. Molina after their employer was arrested by the Drug Enforcement Administration. Apparently concerned that the government had prosecutorial designs on them as well, the Molinas retained respondent and entrusted him with $18,000 for safekeeping. Respondent successfully negotiated immunity from prosecution for the Molinas in exchange for their testimony against their employer. The couple thereafter filed a grievance with The Florida Bar alleging that respondent had overcharged them.
The Bar, however, did not limit itself to an investigation of the Molinas’ charge of an excessive fee. Rather, it explored respondent’s dealings with the couple in depth, and then filed a complaint charging respondent with mishandling the $18,000 in addition to the excessive fee charges. Specifically, the Bar alleged that respondent should have deposited the money in an identifiable bank or savings and loan account instead of keeping it in his office safe. The referee found no merit in the Bar’s allegation as to the overcharging, but agreed that respondent was remiss in his handling of the $18,000. The referee recommended that respondent be found guilty of violating: (1) Disciplinary Rule 9-102(A) for not depositing the money in an identifiable account, (2) Disciplinary Rule 9-102(B)(3) for not maintaining complete records of all client funds within his possession, and (3) Integration Rule 11.02(4)(C) for failing to maintain specified minimum trust accounting procedures.
Respondent notes that the Molinas never complained to the Bar about respondent’s keeping the $18,000 in his office safe and contends that his clients explicitly directed him not to place the funds in an identifiable account, but rather to retain the cash in the safe. The referee made no contrary finding on this issue. We see no impropriety in the safekeeping of a client’s funds or private property in other than an identifiable account, if the client so directs.* Consequently, we do not find respondent guilty of violating Disciplinary Rule 9-102(A).
We further find no substantial, competent evidence supporting the referee’s determination that respondent failed to maintain complete records regarding his handling of the money entrusted to him. No evidence was presented on the alleged disorder of respondent’s trust accounts. Accordingly, we find respondent not guilty of violating either Disciplinary Rule 9-102(B)(3) or Integration Rule 11.02(4)(c).
The second count against respondent charges him with misconduct in his *549 representation of the seller of a condominium unit vis-a-vis the buyer. At the closing, respondent represented to the buyer that he was then in possession of sufficient funds to pay off certain outstanding encumbrances on the property in question. In fact, respondent did not then have the requisite amount, but planned to use the sums acquired at closing — as well as funds expected from an anticipated sale of adjacent property — to pay the monies due on the mortgage and lien. The anticipated sale fell through, and the payments, although made, were not made until well after the closing. The referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(4), which prohibits conduct involving dishonesty, fraud, deceit or misrepresentation as well as Disciplinary Rule 7-102(A)(5), which proscribes the knowing misstatement of law or fact.
There is no dispute that respondent knowingly misrepresented the status of the title on the title policy. Accordingly, we affirm the referee’s finding that the respondent is guilty of violating Disciplinary Rule 1-102(A)(4) and Disciplinary Rule 7-102(A)(5). In mitigation, however, we note a variety of factors. The buyer was an MAI appraiser and real estate broker and knew that he was purchasing a unit from a project that had been experiencing financial difficulties. Despite the charge that Fitzgerald represented that the proceeds from this buyer’s sale would be sufficient to satisfy the mortgage and liens on the property, the buyer’s testimony indicates that he was aware that monies from additional closings would have to be used to satisfy the mortgage and the liens on his unit. Moreover, respondent did in fact satisfy the encumbrances and, consequently, the buyer was not harmed economically.
In light of the foregoing and in view of the lack of any prior improprieties in respondent’s record, we are persuaded that the appropriate disciplinary measure in this case is public reprimand. The publication of this order and judgment shall serve as that reprimand.
We affirm the referee's determination of costs, and judgment for costs in the amount of $1,828.93 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.

We do, however, strongly urge that any agreement between attorney and client regarding such safekeeping be reduced to writing.