492 So.2d 1327 (1986)
THE FLORIDA BAR, Complainant,
v.
Paul T. MARKS, Respondent.
No. 66722.
Supreme Court of Florida.
August 28, 1986.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Bar Counsel, Tampa, for complainant.
Gerald W. Nelson of Yado, Salem, Keel, Nelson & Bergmann, P.A., and Bennie Lazzara, Jr., of Bennie Lazzara, Jr., P.A., Tampa, for respondent.
PER CURIAM.
The Florida Bar brought this disciplinary action against Paul T. Marks, a member of the Florida Bar, for his involvement in a scheme to import marijuana into Florida. This Court has jurisdiction pursuant to article V, section 15, Florida Constitution. After a hearing, the referee recommended that Marks be found guilty of violating disciplinary rules 1-102(A)(1) (violating a disciplinary rule), 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(6) (conduct adversely reflecting on his fitness to practice law), 7-102(A)(7) (counseling or assisting client in conduct that the lawyer knows to be illegal or fraudulent), and 7-102(A)(8) (knowingly engaging in other illegal conduct or conduct contrary to a disciplinary rule), as well as article XI, rules 11.02(3)(a) (conduct contrary to honesty, justice, or good morals) and 11.02(3)(b) (misconduct constituting a felony) of the integration rule. Although we adopt these findings, we disagree with the three-year suspension recommended by the referee and instead disbar Marks from the practice of law in this jurisdiction.
According to the referee's report, Marks served as attorney for Angel Haya and his company, A.J. Electric, from 1980 through 1982. In early 1982 Marks instigated a scheme by which Haya would supply the funds for the purchase of an airplane to be used to transport marijuana into Florida from foreign countries. At Marks' request Haya delivered to Marks $25,000 in cash for the purchase of a small airplane with over-water capabilities. After receiving this money Marks introduced Haya to a Mr. Stinsen who was to purchase the plane and pilot it during the drug runs. Although the original plane crashed during an attempted drug run, Haya financed a replacement plane. Law enforcement officials foiled the plot, however, when they seized the plane, loaded with marijuana and hashish, as it landed in Pasco County. Although the state initially charged Marks with trafficking in marijuana, Marks entered a plea bargain of nolo contendere to the lesser charge of delivery of cannabis.
*1328 Marks challenges the referee's finding on three grounds. First, he argues that the charges should have been dismissed due to the bar's failure to diligently prosecute this disciplinary action. Marks contends that the bar did not advise him of the disciplinary proceedings until more than two years after his criminal prosecution. We find this argument unimpressive. Marks' attorney wrote the Florida Bar in May 1983 requesting that the bar defer taking any disciplinary action against Marks until the completion of his trial on pending criminal charges. Clearly, a delay in a disciplinary proceeding does not deprive an attorney of a speedy resolution of charges against him where the delay has been occasioned primarily at the request of the attorney's counsel. The Florida Bar v. Wincor, 257 So.2d 247 (Fla. 1971). Moreover, we do not view the time period involved in this case as unreasonable. Compare The Florida Bar v. Randolph, 238 So.2d 635 (Fla. 1970) (Supreme Court refused to dismiss a disciplinary action even though over ten years has passed between the time of the wrongdoing and the time the board of governors took final action). This disciplinary action was placed on active status in October 1983, Marks was notified in August 1984 that the grievance committee had found probable cause, and a complaint was officially filed in March 1985. Such does not appear to constitute an unreasonable delay, particularly given Marks' initial request for a postponement.
Second, Marks insists that the referee erred by considering the nolo contendere plea. We find this argument to be without merit. Clearly, a referee can properly consider a nolo contendere plea. The Florida Bar v. Lancaster, 448 So.2d 1019 (Fla. 1984); The Florida Bar v. Agar, 394 So.2d 405 (Fla. 1980). An attorney cannot avoid discipline for wrongdoing simply because he pleads nolo contendere to a crime in order to avoid a formal adjudication of guilt. 448 So.2d at 1022; The Florida Bar v. Bunch, 195 So.2d 558 (Fla. 1967). As we stated in Lancaster, "the important factor is not whether there has been an actual adjudication of guilt, but whether the attorney has been given a chance to explain the circumstances surrounding his plea of nolo contendere and otherwise contest the inference that he engaged in illegal conduct." 448 So.2d at 1022. Marks has had this opportunity.
Finally, Marks argues that he is innocent of all charges and that the evidence was insufficient to convict him. Again, we disagree. A referee's finding of fact is presumed correct and will be upheld unless clearly erroneous and lacking in evidentiary support. The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986); The Florida Bar v. Price, 478 So.2d 812 (Fla. 1985); The Florida Bar v. Hecker, 475 So.2d 1240 (Fla. 1985). The instant referee's findings are supported by substantial competent evidence.
While the bar agrees with the referee's factual findings, it contests the recommended discipline. The bar contends that a three-year suspension is insufficient punishment for Marks' conduct. In the bar's view, Marks' deep involvement in a plot to smuggle illegal narcotics into Florida warrants disbarment. We agree. As this Court has stated before, a lawyer who is willing to forsake his client for his own personal goals by involving the client in illegal drug schemes lacks the moral character and fitness required of a bar member. The Florida Bar v. Beasley, 351 So.2d 959 (Fla. 1977). Indeed, we have not hesitated in the past to disbar an attorney for involving himself in the illegal drug trade even where a referee has recommended a less severe discipline. Hecker, 475 So.2d at 1243 (attorney who conspired to traffic in 1,000 pounds of cannabis should be disbarred despite the referee's recommendation that he be suspended for three years); The Florida Bar v. Kline, 475 So.2d 1237 (Fla. 1985) (attorney who knowingly and unlawfully possessed over 2,000 pounds but less than 10,000 pounds of cannabis should be disbarred); The Florida Bar v. Wilson, 425 So.2d 2 (Fla. 1983) (attorney who convinced his imprisoned client to deliver one and a half pounds of cocaine to him should *1329 be disbarred despite the referee's recommendation that he be suspended for three years); Beasley, 351 So.2d at 960 (attorney who arranged the purchase of marijuana for a client should be disbarred despite the referee's recommendation of a two-year suspension). Illegal behavior involving moral turpitude demonstrates an intentional and flagrant disregard for the very laws a member of the bar is bound to uphold, for the well-being of the members of society, and for the ethical standards applicable to members of the bar. Wilson, 425 So.2d at 4. Moreover, Marks has failed to demonstrate any mitigating circumstances justifying a lesser discipline. Compare The Florida Bar v. Pettie, 424 So.2d 734 (Fla. 1982) (a one-year suspension of an attorney who became involved in a criminal conspiracy to illegally import cannabis into Florida was appropriate in light of his voluntary cooperation with law enforcement officers, which he undertook at great personal risk). Thus, we deem disbarment to be the only suitable discipline.
Accordingly, Marks is hereby disbarred, effective thirty days from the date that this opinion is filed. Judgment for costs in the amount of $2,157.16 is hereby entered against Marks, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I agree with the Court's approval of the referee's findings of fact. I thus concur in the judgment finding respondent guilty of misconduct. I dissent, however, to the imposition of disbarment as punishment. I would accept the referee's recommendation of suspension for three years.