511 So.2d 995 (1987)
THE FLORIDA BAR, Complainant,
v.
Martha SIEGEL, Respondent.
THE FLORIDA BAR, Complainant,
v.
Laurence CANTER, Respondent.
Nos. 68956, 68957.
Supreme Court of Florida.
September 10, 1987.
*996 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for complainant.
John E. Lund, Tampa, for respondents.
PER CURIAM.
These disciplinary proceedings are before us on complaint of the Florida Bar and the reports of the referee, which are contested by the Bar and by both respondents. We have jurisdiction, article V, section 15, Florida Constitution.
These complaints involve alleged misrepresentations made by the respondents, as law partners, in connection with the purchase of the building used primarily as their law offices. While the facts are not in dispute, the interpretation of those facts is heavily disputed: Because the referee's findings of fact are supported by competent and substantial evidence, we accept them as stated in the reports. Those reports are set out as follows (because they are identical, they have been consolidated into one document):
II. Findings of Fact as to Each Item of Misconduct With Which the Respondents are Charged: After a hearing on the matter before me I find the following:
On October 7, 1983, respondents executed a mortgage and security agreement on property they were purchasing for use as their law office. The agreement required that no secondary financing on that real estate would be obtained without the express consent of the lender, Southeast Bank, N.A., and F.D.I.C. bank.
On or before October 7, 1983, respondents had agreed with Robert F. Bluck, the seller, to secondary financing in lieu of a cash downpayment. On October 7, they signed a mortgage agreement with Mr. Bluck for $50,000.00 on the subject real estate, and as consideration for the mortgage, executed a promissory note for $50,000.00. Southeast Bank, N.A., was not informed of the mortgage agreement between the respondents and Bluck, nor was the mortgage ever recorded.
The contract to purchase from Robert F. Bluck specified a deposit of $20,000.00, new mortgage of $150,000.00, and a balance of $30,000.00 to close. On a personal financial statement, dated August 4, 1983 and submitted in support of the application for The $150,000.00 loan, respondents misrepresented that they had made a $20,000.00 downpayment on the subject property. Based on representations made by respondents to Southeast Bank, N.A., the bank's mortgage loan report listed the equity of Siegel and Canter in the real estate as $50,000.00 and the source of equity as cash.
On June 30, 1984, respondents submitted additional documents to Southeast Bank in support of an application for a $45,000.00 loan to be secured by a second mortgage on the subject real estate. On a balance sheet dated June 30, 1984, respondents listed the mortgage to Southeast Bank, N.A. as a liability, but did not disclose the mortgage to Bluck.
On a personal financial statement dated July 1, 1984, respondents listed the mortgage balance on the first mortgage with the bank, but did not disclose the unrecorded mortgage with Bluck. Loan officers at the bank again believed respondents to have $50,000.00 cash equity in the property, and were unaware of the debt to Robert F. Bluck.
On August 10, 1984, respondents submitted to the bank a sworn affidavit representing that they were aware of no facts by reason of which the title to, or possession of, the subject property or any part of it or any personal property on it might be disputed or questioned.
At the time of both loans in question, Southeast Bank, N.A. was insured under the Federal Deposit Insurance Act.
II. Recommendation as to Whether or Not the Respondent Should Be Found Guilty: I recommend that the respondents be found guilty of violating the following sections of the Code of Professional Responsibility: Florida Bar Integration Rule, article XI, Rule 11.02(3)(a) (Conduct contrary to honesty); DR 1-102(A)(4) (Conduct involving dishonesty or misrepresentation); DR 1-102(A)(3) (Illegal conduct).
III. Recommendation as to Disciplinary Measures to be Applied: I recommend *997 that the respondents receive a public reprimand, and be suspended from the practice of law for two weeks. The suspensions of respondents, based on the same conduct, need not run concurrently. I further order that respondents be assessed their share of the costs of these proceedings.
We accept in their entirety the referee's findings of fact and recommendations as to guilt. However, we must reject the referee's recommendations as to discipline. The respondents are guilty of a deliberate scheme to misrepresent facts in order to secure full financing of their purchase. We believe that this sort of fraudulent activity cannot be sufficiently disciplined by a two week suspension and public reprimand. We do believe, however, that the Bar's request for a ninety-one day suspension, thus requiring proof of rehabilitation, is not warranted.
Accordingly, we accept the referees findings of fact and recommendations of guilt. It is the judgment of this Court that the respondents, Martha Siegel and Laurence Canter, be suspended from the practice of law for a period of ninety days, commencing 30 days after the date of this opinion so that the respondents may close out their business, protect the interests of their clients, but accept no new business. These suspensions are to be served concurrently. Judgment for costs in the amount of $1,630.01 is hereby entered against respondent Seigel and judgment for costs in the amount of $1,679.51 is hereby entered against respondent Canter, for which sums let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.