521 So.2d 1120 (1988)
THE FLORIDA BAR, Petitioner,
v.
Hugh Paul NUCKOLLS, Respondent.
No. 69639.
Supreme Court of Florida.
March 17, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel, Fort Lauderdale, for petitioner.
Alan C. Sundberg and F. Townsend Hawkes of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tallahassee, and Harry A. Blair and Marilyn Miller, Fort Myers, for respondent.
*1121 PER CURIAM.
The Florida Bar petitions this Court to adopt the referee's report recommending that Hugh Paul Nuckolls be suspended for a period of four months. We have jurisdiction. Art. V, § 15, Fla. Const. We adopt the referee's findings of fact but impose a sanction of ninety days' suspension.
In its complaint, the Bar charged respondent with three counts of misconduct. The referee recommended a finding of guilt on all counts. The first two counts involve a scheme to fraudulently obtain 100% financing by misrepresenting the purchase price of condominium units. The third count involves respondent's violation of his obligations as a land trustee.
As to counts one and two, the record reflects that respondent represented a real estate partnership which was selling townhouse units. Although respondent knew that purchasers of seven units paid only $36,000 per unit, contracts and closing documents prepared by respondent reflected that the units would be sold for $45,000 each, with a $9,000 down payment.
The referee found that lenders advanced mortgage loans on these seven units based at least partly on respondent's written representations that the purchasers, Bayoan C. Mateo and Donald C. Williamson, had made or would make the down payments and that the $36,000 actually reflected 80% of the true purchase price. Subsequently, one of the partners wrote a check in the amount of $36,000 to cover four of the down payments, but respondent never cashed the check and the purchasers never paid the down payments. Respondent nevertheless sent lenders copies of the check as proof the down payments had been received, knowing that the down payments had not been made.
As to the third count, the referee found that, while acting as a land trustee for the purchaser, respondent closed a real estate transaction for the benefit of the sellers, who were both his partners and clients. Respondent closed the sale under his authority as trustee for the purchaser, although he failed even to consult the purchaser about terms and conditions of the sale. As a result of the transaction, respondent freed his partnership, the sellers, of numerous mortgages that then became liens against the property of the purchaser, his principal and cestui que trust. As a consequence, the purchaser was forced to sue the partnership.
Based on these findings, the referee concluded that respondent had violated Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 7-102(A)(5) (knowingly making a false statement of law or fact) and 7-102(A)(7) (assisting a client in illegal or fraudulent conduct), of the former Code of Professional Responsibility.
Although respondent asserts that he contests only the recommended discipline, he predicates his argument on a version of the facts at great variance with the findings of the referee. Respondent ignores the referee's findings of deliberate misrepresentation and characterizes his conduct as to counts one and two as a mere failure "to exercise good judgment in dealing with the lenders." Respondent dismisses count three as a de minimis "failure to communicate."
Initially, we find that we are bound by the referee's findings of fact, which are supported by competent evidence. A referee's findings must be upheld unless they are clearly erroneous or without support in the evidence. The Florida Bar v. Carter, 410 So.2d 920, 922 (Fla. 1982); The Florida Bar v. Lopez, 406 So.2d 1100, 1102 (Fla. 1981); The Florida Bar v. Stillman, 401 So.2d 1306, 1307 (Fla. 1981); The Florida Bar v. McCain, 361 So.2d 700, 706 (Fla. 1978).
Based upon these findings, we cannot view respondent's conduct as anything less than a serious ethical breach. We cannot characterize as "bad judgment" a deliberate attempt to perpetrate a fraud on lenders who, based on respondent's misrepresentations, thought they were making an 80% loan. Nor do we share respondent's view of his conduct as to count three. To be sure, respondent did not consult with his *1122 principal. The referee's findings, however, reveal an active breach of trust, not merely a failure to communicate.
Respondent argues that a public reprimand is appropriate. He points to his seventeen years of service in The Florida Bar without prior incident, and his ten years of service in the Florida House of Representatives. He further argues that The Florida Bar v. Beneke, 464 So.2d 548 (Fla. 1985), and The Florida Bar v. Fitzgerald, 491 So.2d 547 (Fla. 1986), are analogous cases in which we imposed only a public reprimand.
We cannot agree that these cases are apposite. In Beneke, the respondent applied for a loan application based on an apparently bona fide contract for sale, but failed to inform the lender when the contract price later was renegotiated downward. Moreover, the referee recommended a public reprimand under the circumstances of that case, which The Florida Bar did not contest. 464 So.2d at 548. In Fitzgerald, respondent overstated his ability to pay off outstanding encumbrances against a title, but this misrepresentation was found to be mitigated by the fact that the one receiving those representations was a real estate broker and appraiser and was aware of the overstatement. 491 So.2d at 549.
We find the facts here closer to The Florida Bar v. Siegel, 511 So.2d 995 (Fla. 1987) (two consolidated cases), in which we determined that ninety days' suspension was appropriate where respondents were "guilty of a deliberate scheme to misrepresent facts in order to secure full financing of their purchase."[*] 511 So.2d at 997.
Thus, although we find merit in petitioner's argument for mitigation and proportionality to the extent of reducing the suspension to ninety days, we cannot agree that only a public reprimand is appropriate.
Accordingly, we adopt the referee's findings of fact and suspend respondent from the practice of law for a period of ninety days. This suspension shall become effective thirty days from the date of this opinion, during which time respondent shall take all steps necessary to protect the interests of his clients and shall accept no new business. Judgment for costs in the amount of $5,152.18 is entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur except as to discipline. I agree with the referee's recommended discipline of suspension for a period of four months. In my view, respondent not only participated in hoodwinking the institutional lender, but perhaps more seriously, breached his fiduciary duty while acting as a land trustee for the purchaser of realty. For this misconduct, he should be required to prove rehabilitation, which will not be necessary under the sanctions imposed by the Court, but which would be a condition precedent to his returning to the practice of law if the discipline recommended by the referee would be imposed.
NOTES
[*] Similarly, in The Florida Bar v. Fussell, 189 So.2d 881 (Fla. 1966), reviewed before remand, 179 So.2d 852 (Fla. 1965), we suspended an attorney for six months after he was convicted of two counts of knowingly making a false statement on an application for a home improvement loan insured by the Federal Housing Administration. The respondent did not contest this sanction. 189 So.2d at 881.