PER CURIAM.
This disciplinary proceeding, brought by The Florida Bar against Kerry J. Nahoom, is before the Court for consideration of the referee’s report. The referee found and recommended as follows:
II.Findings Of Fact As To Each Item Of Misconduct Of Which The Respondent Is Charged: After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find that between October 1979 and June 1980 the Respondent, KERRY J. NAHOOM, committed felonies of knowingly, willfully and intentionally combining, conspiring, confederating and agreeing with others to possess a quantity of marijuana, with intent to distribute and to import into the United States from a place outside thereof.
The Respondent was indicted by the grand jury on three drug offenses, and tried in the United States District Court, Middle District of Florida Orlando Division. On March 8, 1985 a jury verdict was returned finding the Respondent guilty in two counts of violating Title 21, United States Code, Section 841(a)(1), 846, 952(a) and 963. On April 15, 1985 the Respondent was adjudged guilty on both counts and sentenced by the Honorable G. Kendall Sharp. On June 17,1986 the United States Court of Appeals for the Eleventh Circuit affirmed judgment of convictions [See United States v. Nahoom, 791 F.2d 841 (11th Cir.1986)]. Under Rule 3-7.2(a)(l), Rules Regulating The Florida Bar, conviction and final action thereon renders further proof' of said offenses unnecessary.
III. Recommendations As To Whether Or Not The Respondent Should Be Found Guilty: I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Code of Professional Responsibility, to wit: (a) Integration Rule of The Florida Bar, Article XI, Rule 11.02(3)(a) for engaging in conduct contrary to honesty, justice and good morals; (b) Disciplinary Rule 1-102(A)(3) for engaging in illegal conduct involving moral turpitude; (c) Disciplinary Rule 1-102(A)(4) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and (d) Disciplinary Rule 1-102(A)(6) for conduct which adversely reflects on his fitness to practice law.
IV. Recommendation As To Disciplinary Measures To Be Applied: I recommend the Respondent be disbarred from the practice of law. The Florida Bar v. Marks, 492 So.2d 1326 [1327] (Fla.1986); The Florida Bar v. Price, 478 So.2d 812 (Fla.1985); and, The Florida Bar v. Beasley, 351 So.2d 959 (Fla.1977) (Disbarment is the appropriate sanction for a serious drug offense, such as trafficking in marijuana.)
Neither party has filed a petition for review. We approve the referee’s report.
*1139 This Court suspended Nahoom on May 8, 1985, effective June 8, 1985. He is hereby disbarred nunc pro tunc June 3, 1985, and may apply for readmission three years from that date.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Kerry J. Nahoom for costs in the amount of $709.10, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.