548 So.2d 219 (1989)
THE FLORIDA BAR, Complainant,
v.
Warner B. MILLER, Respondent.
No. 72698.
Supreme Court of Florida.
July 27, 1989.
Rehearing Denied September 27, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn P. Needelman, Bar Counsel, Fort Lauderdale, for complainant.
Rhea P. Grossman, Miami, for respondent.
PER CURIAM.
The Florida Bar petitions for review of a referee's recommendations regarding guilt and sanctions concerning Warner B. Miller. We have jurisdiction. Art. V, § 15, Fla. Const.
The case against Miller arose when another attorney filed a complaint against him. This complaint led to an audit, which revealed deficits in Miller's trust account. The Bar filed a two-count complaint, count one being based on the findings of the initial audit and a follow-up audit and count two comprising the allegations made by the other lawyer.
The referee recommended that Miller be found guilty of all but one of the allegations in count one, and acquitted him entirely on count two. As Miller had no previous disciplinary record, the referee rejected *220 the Bar's request for a six-month suspension and recommended a public reprimand. Miller does not dispute the referee's findings or the proposed sanction.
As to count one the referee made the following findings of fact:
2. An audit was conducted of Respondent's trust account transactions for the period March 1, 1986 to October 30, 1987.
... .
4. The audit determined that Respondent failed to utilize proper record keeping procedures.
5. During the period audited, Respondent's trust account had shortages and were insufficient to cover all trust liabilities.
6. Respondent failed to maintain minimum trust accounting records in violation of Florida Bar Integration Rule, article XI, Rule 11.02(4)(b) and Rules 5-1.1(b), 5-1.1(c), 5-1.1(e) and 5-1.2(b) of the Rules Regulating Trust Accounts.
7. By stipulation of the parties an audit review was conducted of Respondent's trust transactions during the period November 1, 1987 to October 30, 1988. Said review determined that three (3) checks were dishonored for non-sufficient funds during this period and that the Respondent continued to have shortages in his trust account and continued to use entrusted funds for purposes other than those for which said funds were entrusted.
As to guilt on count one the referee said:
I recommend that the Respondent be found guilty and specifically that he be found guilty of violating the following: Florida Bar Integration Rule, article XI, Rule 11.02(4)(b), Rules 5-1.1(b), 5-1.1(c), 5-1.1(e), 5-1.2 and 5-1.2(c) of the Rules Regulating Trust Accounts [keeping proper trust records and maintaining same]. I recommend that he be found not guilty of violating the following: Rule 5-1.1 of the Rules Regulating Trust Accounts [using funds for specific purpose for which they were entrusted].
The Bar challenges the referee's recommendation of not guilty as to the use of trust account funds for a purpose other than that for which they were entrusted, arguing that the recommendation is inconsistent and irreconcilable with the findings of fact. We agree. The referee's report does not attempt to harmonize the finding of fact  that Miller used trust account funds for unauthorized purposes  with the recommendation that Miller be found not guilty on that charge. We see no way to reconcile the recommendation and the factual finding. Rule 5-1.1 states unequivocally: "Money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, is held in trust and must be applied only to that purpose." Rule 5-1.1, Rules Regulating Fla. Bar.
A referee is the trier of facts and his findings come to us clothed with correctness; thus, we could not set aside the factual finding in paragraph 7 unless it was clearly erroneous The Florida Bar v. Marks, 492 So.2d 1327 (Fla. 1986). Our review of the record persuades us that Miller did indeed use trust account funds for purposes for which they were not intended. Thus, the referee's recommendation is clearly erroneous.
As to count two, however, we accept the referee's findings of fact and recommendation that Miller be found not guilty.
The Bar urges us to reject the referee's recommendation that Miller be given a public reprimand because of the seriousness of the misconduct in count one. The Bar points out that the misconduct continued after the audit and notes that at one point the deficit in Miller's trust account totalled approximately $28,000. Miller argues that he had no ill intent, and that all his problems stemmed from sloppy accounting and inattention. He notes the referee's finding that no client was disadvantaged (the referee found that in one case Miller lost $30,000 in fees in an effort to see that clients and referring attorneys were fully compensated), that all deficits were made up, and that he was cooperative.
We disagree with the Bar that a sixmonth suspension is warranted. Miller had no prior disciplinary record, no dishonest *221 intent and apparently no knowledge of the problems in his trust account. We disagree with the referee, however, that a public reprimand would sufficiently punish Miller and deter other lawyers from similar misconduct. Miller and his clients were fortunate that the deficits in his trust account did not lead to a client losing money. A ninety-day suspension best fits the circumstances of this case. Miller's cooperation, his lack of a greedy motive, and his ultimate rectifying of the situation serve to mitigate the sanction we impose. We do agree with the referee, however, that Miller should be required to have a certified public accountant monitor his trust account after he resumes his practice.
Therefore, we approve the referee's findings of fact on both counts and the recommendation of not guilty as to count two. We disapprove of the recommendation concerning count one to the extent that we find Miller guilty of all charges therein. As for discipline, Warner B. Miller is hereby suspended from the practice of law for ninety days. This suspension shall be effective August 28, 1989, in order to give respondent time to take the necessary steps to protect his clients. Miller shall accept no new business from the date of this opinion. No petition for reinstatement will be necessary. After Miller is reinstated he must, for a period of one year, have a certified public accountant prepare and submit to The Florida Bar monthly accountings of Miller's trust account.
Costs of this proceeding are taxed against Miller in the amount of $3,485.82, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.