PER CURIAM.
Harold Wilson, a member of The Florida Bar, petitions, and The Florida Bar cross-petitions, for review of a referee’s report recommending that Wilson be suspended for ninety days. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and, although we disapprove some of the referee’s findings, we approve the recommended discipline.
The charges against Wilson arose from his representation of a client and two corporations which he incorporated for that client. Both Wilson and the client testified during a hearing which extended over several days. Among other things, the client testified that Wilson had no interest in either corporation. Wilson, on the other hand, claimed that he originally had a twenty-five-percent interest in each corporation through a verbal agreement with the client and that a $103,000 check he received from the client represented his share of one of the companies. The client also claimed that a mortgage on real property, which Wilson prepared and which the client executed in Wilson’s favor, covered property that he had not intended to mortgage and that the list of affected property had not been attached to the mortgage when he signed it. Wilson, however, testified that the client signed the complete mortgage and knew what property it included. After considering the evidence, the referee recommended that Wilson be found guilty of trust accounting violations, of accepting a fee when none was due, of collecting an excessive fee, and of laboring under a conflict of interest. The referee also recommended a ninety-day suspension. Wilson now argues that the record does not support the referee’s findings and that a ninety-day suspension is too harsh, while the bar argues that he should be disbarred.
As a general rule, a referee’s findings of fact are presumed to be correct and will be upheld unless they are clearly erroneous or lack evidentiary support. E.g., The Fla. Bar v. Colclough, 561 So.2d 1147 (Fla.1990). The Florida Bar, however, has the burden in disciplinary proceedings of proving its charges by clear and convine- *101 ing evidence. The Fla. Bar v. Hooper, 509 So.2d 289 (Fla.1987). Our review of record convinces us that the bar has failed to carry that burden in this case except as to the trust accounting violations. Instead, the testimony showed a close relationship between the client and Wilson and a concerted effort by each to make the client’s business a success. Wilson came close to being too involved in that business by handling its books and by advancing the client money when he had cash flow problems. He should have made fuller disclosures to the client than he actually did. He performed legal business for that business virtually on a weekly basis, however, and any action he took was done with his client’s best interest in mind. We therefore hold that the bar failed to prove that Wilson engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; accepted an excessive fee when no fee was due; and had a conflict of interest. Thus, we reject the referee’s findings of fact on these matters.
The bar did, however, prove that Wilson committed numerous and substantial trust account violations which included shortages in various client accounts. Regardless of no client being injured, trust account violations are serious transgressions, and we find a ninety-day suspension warranted. Cf. The Fla. Bar v. Miller, 548 So.2d 219 (Fla.1989). We also agree with the referee that, after reinstatement, Wilson should be on probation for two years, during which time he shall provide quarterly audit reports to The Florida Bar and submit to annual audits by a bar auditor.
Therefore, we hereby suspend Harold S. Wilson from the practice of law for a period of ninety days. This suspension will be effective thirty days from the date this opinion is filed, thereby giving Wilson time to close his practice and protect his clients’ interests. Wilson shall accept no new business after the filing date of this opinion. After reinstatement, he will be on probation on the conditions set out above. The referee assessed costs of $11,205.39 against Wilson, who has filed a motion asking for a remand for determination of costs. Wilson should not be held responsible for costs generated by charged violations that the bar failed to prove. Therefore, we remand this matter for recalculation and reconsideration of the costs of this case for those charges that the bar proved, i.e., the trust account violations.
It is so ordered.
SHAW, C.J. and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.