PER CURIAM.
We have for review the complaint of The Florida Bar and the referee’s report regarding alleged ethical breaches by respondent attorney H. Eugene Johnson. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed its complaint against H. Eugene Johnson, alleging the following violations of the Rules Regulating the Florida Bar: 3-4.3 (misconduct and minor misconduct); 3-4.4 (criminal misconduct); 4-4.1 (truthfulness in statements to others); and 4-8.4 (misconduct).
After several hearings, the referee found that The Florida Bar failed to establish the guilt of respondent. The referee’s conclusion was based on the following facts.
Respondent was the family attorney for the father of Joseph Bartholomew. In 1980, *681 respondent began to represent Bartholomew in certain corporate matters, being held on retainer and also paid by the case for extra work.
In 1983, Bartholomew married respondent’s daughter. From the date of the marriage until approximately June or July of 1991, respondent provided services without charge to Bartholomew in both personal matters and for his companies.
In 1989, at the request of Bartholomew and his wife (respondent’s daughter), respondent moved into a building owned by Bartholomew. The referee found that it was understood between the parties that respondent would reside there rent-free for three years. No lease was executed at the time respondent took possession of the leasehold, and respondent continued to perform legal services without charge.
In mid-October 1989, Bartholomew was attempting to obtain a loan from Village Bank. The bank required certain information and documents from Bartholomew, specifically copies of the tenants’ leases and tenant affidavits. Bartholomew requested respondent to execute a lease and affidavit for Bartholomew to provide to the bank. Respondent complied with the request. However, the lease which respondent executed was not enforceable because the building was owned by Bartholomew and his wife, but the lease was executed only by Bartholomew and did not conform with section 689.01, Florida Statutes (1989), as to the number of required witnesses. Respondent knew that the lease as executed was not enforceable, he paid no money pursuant to it, and he later successfully defended against its enforcement.
Contrary to what respondent knew to be true, he executed the notarized tenant affidavit, which expressly indicated that there was a valid lease dated September 15, 1989, that included a monthly rental amount of $751.33, which respondent was obligated to pay to Bartholomew and for which the first and last month’s rent had been paid. The affidavit recited that it was to be given to the bank for the purpose of the bank’s relationship with Bartholomew. Respondent knew that the bank relied upon the tenant affidavit for the purpose of issuing a loan to Bartholomew. The referee found that respondent advised Bartholomew to inform the bank that the lease was not enforceable between Bartholomew and respondent. Respondent himself did not advise the bank of the circumstances or ensure that Bartholomew did.
The marriage between Bartholomew and respondent’s daughter began to deteriorate in about June of 1991. About that time, the relationship between Bartholomew and respondent began to deteriorate. Shortly thereafter, Bartholomew demanded rent from respondent. In June 1992, Bartholomew filed a civil action for eviction and past-due rents. A motion for summary judgment with respect to the lease was filed by respondent and granted in August 1992.
This complaint followed. Bartholomew was the Bar’s primary witness in the final hearing. In pertinent part, the referee found:
I find that Bartholomew prepared and printed the lease, and that while the lease was signed, it was meant to be ineffective only as between the parties. At no time did Bartholomew plan or intend it to be a valid lease. The execution of the tenant affidavit did not and would not have affected the rights of any third party lending institution, but would have required Respondent to pay the rental price contained therein to such third party. There was no misrepresentation of a material fact or false statement to the third party.
While Respondent’s conduct is not necessarily approved, such conduct must be viewed in the totality of the circumstances. This was a family matter effectuated while there was still a family association. Had the family association continued intact, it is doubtful this complaint would have arisen. Respondent is an attorney, true; however, under the facts of this case, he was acting as a father and father-in-law to help those for whom he cared. This help would not affect a third person. Had a lending institute or other third party relied upon the lease or affidavit, Respondent would have been bound to the terms of the documents.
In considering the evidence, I determined also the credibility of the witnesses. *682 Taking all factors into consideration, I find that The Florida Bar has faded to establish the guilt of the Respondent.
In an additional report, the referee awarded respondent $68.40 in costs against the Bar.
The Bar challenges the referee’s recommendation of not guilty as to respondent’s execution of an affidavit containing several false statements which misled a third-party bank in the course of making a loan. The Bar argues that the recommendation is inconsistent and irreconcilable with the facts surrounding the lease and affidavit. We agree.
Rule 4-8.4 states unequivocally that a lawyer shall not “engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.” R. Regulating Fla.Bar 4 — 8.4(c). Further, rule 4-4.1 states in pertinent part that a lawyer shall not, in the course of representing a client, knowingly make a false statement of material fact or law to a third person or fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting in a fraudulent act by a client. R. Regulating Fla.Bar 4-4.1.
A referee is the trier of fact, and his findings come to us clothed with correctness; thus, we will not set aside the factual finding unless it is clearly erroneous. The Florida Bar v. Miller, 548 So.2d 219 (Fla.1989); The Florida Bar v. Marks, 492 So.2d 1327 (Fla.1986). Here, though, we must reject the referee’s conclusion that the affidavit to the bank was not a misrepresentation of a material fact or false statement to a third party. Our reading of the record causes us to conclude that the respondent’s sworn statements concerning the lease, rental obligation, and currency of rent were patently false and misleading. The affidavit itself may not have caused any harm to the third-party bank, but it was a misrepresentation which constituted a dishonest act. The lending institution had the right to expect that when an affidavit was submitted to it by a member of The Florida Bar, it was the plain truth on its face. This Court will not condone attorneys making affidavits for submission to a lender or to any other person or entity which are in fact not true and correct as to the statements therein. Therefore, we reverse the referee’s finding of not guilty and find respondent guilty of violating rules 4-4.1 and 4-8.4(c) of the Rules Regulating The Florida Bar.
The referee did not approve of respondent’s conduct but noted that it had to be viewed in the totality of the circumstances. The referee decided that the entire complaint arose from a soured family association. We recognize that but for the dissolution of the marriage between respondent’s daughter and Bartholomew, the false affidavit would not have come to the attention of the Bar. This does not obviate the fact that respondent did engage in a dishonest act and did knowingly make a false statement of material fact to a third person.
Given our finding of guilt on the part of respondent, we have considered and determined the appropriate discipline to be imposed in this situation. The Bar has urged suspension of no less than one year. We agree with The Florida Bar that giving a false affidavit requires a period of suspension. See The Florida Bar v. Van Stillman, 606 So.2d 360 (Fla.1992); The Florida Bar v. Nuckolls, 521 So.2d 1120 (Fla.1988); and The Florida Bar v. Siegel, 511 So.2d 995 (Fla.1987). Having considered the circumstances before us with respect to this false affidavit, we conclude that the discipline of a sixty-day suspension is appropriate here. We adopt the view expressed in the dissent in The Florida Bar v. Hagglund, 372 So.2d 76 (Fla.1979) and apply it accordingly.
We suspend respondent from the practice of law for a period of sixty days. This suspension will be effective thirty days from the filing of this opinion so that respondent can close out his practice and protect the interest of existing clients. If respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this opinion is filed. Because we find Johnson guilty and impose the foregoing discipline, the costs awarded him by the referee are *683 hereby voided. Costs are to be assessed on behalf of The Florida Bar upon submission.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.